UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERROD F. MILLER,

            Plaintiff,

Case Number: 09-10983

HON. MARIANNE O. BATTANI

v.

JAMES MARTIN,

            Defendant.

_____/

### ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT

Before the Court is Plaintiff Sherrod Miller's Application to Proceed *In Forma Pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 2). The Court, having reviewed Miller's Application, finds that he has established indigence. Therefore, the Court **GRANTS** Miller's Application.

Although Miller establishes indigence, the screening mandated by Congress in § 1915(e)(2) obligates the Court to dismiss the Complaint if it "fails to state a claim upon which relief may be granted." See 28 U.S.C. § 1915(e)(2)(B)(ii). Pursuant to 28 U.S.C. § 1915(e)(2),

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
>
>     . . .

> (B) the action or appeal:
>
>> (i) is frivolous or malicious;
>> (ii) fails to state a claim on which relief may be granted; or
>> (iii) seeks monetary relief against a defendant who is immune from such relief.

The Court is mindful that a pro se litigant's complaint is to be construed liberally, Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), and is held to "less stringent standards" than a complaint drafted by counsel, Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, such complaints still must plead facts showing that a redressable legal wrong has been committed. FED.R.CIV.P. 8(a)(2); Dekoven v. Bell, 140 F.Supp.2d 748, 755 (E.D. Mich. 2001).

Even with a liberal reading of Miller's Complaint, the Court cannot discern facts sufficient to support a viable claim against Martin. Although Miller's Complaint names Martin as the defendant, it does not allege that Martin committed any specific acts of wrongdoing. Miller merely claims that Martin somehow caused him to be deprived of social security benefits. The Complaint lacks any allegations regarding the timing or nature of any conduct by Martin that violates the law. In sum, the Complaint falls far short of meeting the notice pleading standard under Federal Rule of Civil Procedure 8, because it is entirely conclusory and does not indicate what acts Martin is alleged to have committed that could result in liability.

Accordingly, Plaintiff's Complaint, (doc. 1), is **DISMISSED** without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Dated: April 9, 2009

**CERTIFICATE OF SERVICE**

Copies of this Order were mailed to Plaintiff of record on this date by ordinary mail.

s/Bernadette M. Thebolt
Case Manager

3